IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>    Plaintiff,  )<br>  )    4:06CR3101<br>  vs.  )<br>  )    **PRELIMINARY ORDER**<br>KIRT BLAKE,  )    **OF FORFEITURE**<br>  )<br>    Defendant.  ) | |

NOW ON THIS 26th day of June, 2007, this matter comes on before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture and Memorandum Brief. The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. In Count II of said Indictment filed in this case, the United States seeks forfeiture of the following property, pursuant to 18 U.S.C., § 2253:

   a. Dell CPU, Dimension 8200, serial number 49D2511

   b. Intel Web Cam, serial number 0100003596

   c. Dell keyboard

   d. Dell Intellimouse, serial number 3892A378

   e. Black mike with pink connector

   f. Kieer Monitor, serial number 15NB5155920032349

   g. Two Jensen speakers F2299

   h. HP 3520 DeskJet Printer, serial number TH3B6191WH

      i.      Musek 1200 scanner, serial number JI002D01783

      j.      D-Link ADSL Modem, serial number H24H53A00330

      k.      Eight CD-R's

      l.      Four 3.5" floppy disks

      m.      Approximately 50 disks

      n.      Argus Digital Camera

      o.      Spectra Pocket Data bank (green)

      p.      Polaroid DDC640 Digital Camera with black case, serial number NT0304905

      q.      3.5" floppy disk "1790 FLU"

on the basis these items were used or were intended to be used in any manner to promote the commission of the aforementioned violation of 18 U.S.C. §2252(a)(4)(B), charged in Count I of the Indictment.

      2. The Defendant has entered into a Plea Agreement, whereby he has agreed to plead guilty to Counts I and II of said Indictment.  Count I of said Indictment charges the Defendant with possession of child pornography, a violation of 18 U.S.C., § 2252(a)(4)(B).  Count II of said Indictment charges the Defendant with using the personal properties described above in paragraph 1., above, in any manner to promote the commission of the aforementioned violation of 18 U.S.C. §2252(a)(4)(B).

      3. By virtue of said plea of guilty, the Defendant forfeits his interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 18 U.S.C., § 2253.

4. The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A. The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

B. Based upon Count II of the Indictment and the Defendant's plea of guilty, the United States Marshals Service for the District of Nebraska ("Marshal") is hereby authorized to seize the following- described properties:

    a.    Dell CPU, Dimension 8200, serial number 49D2511

    b.    Intel Web Cam, serial number 0100003596

    c.    Dell keyboard

    d.    Dell Intellimouse, serial number 3892A378

    e.    Black mike with pink connector

    f.    Kieer Monitor, serial number 15NB5155920032349

    g.    Two Jensen speakers F2299

    h.    HP 3520 DeskJet Printer, serial number TH3B6191WH

    i.    Musek 1200 scanner, serial number JI002D01783

    j.    D-Link ADSL Modem, serial number H24H53A00330

    k.    Eight CD-R's

    l.    Four 3.5" floppy disks

    m.    Approximately 50 disks

    n.    Argus Digital Camera

      o.      Spectra Pocket Data bank (green)

      p.      Polaroid DDC640 Digital Camera with black case, serial number NT0304905

      q.      3.5" floppy disk "1790 FLU"

C. Defendant's interest in said properties are hereby forfeited to the United States of America for disposition in accordance with the law, subject to the provisions of 18 U.S.C., § 2253.

D. All of the aforementioned forfeited properties are to be held by the Marshal in his secure custody and control.

E. Pursuant to 18 U.S.C., § 2253, the Marshal forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, in the county where the subject properties ly, notice of this Order, notice of the Marshal's intent to dispose of the properties in such manner as the Attorney General may direct and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject forfeited properties must file a petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F. Said published notice shall state the petition referred to in Paragraph E, above, shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the subject properties and any additional facts supporting the petitioner's claim and the relief sought.

G. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

H. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C., § 2253, in which all interests will be addressed.

ORDERED this 26th day of June, 2007.

BY THE COURT:

s/ *RICHARD G. KOPF*
United States District Judge